UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-cv-00106-LLK

KHOURI K.                                                                                                    PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                       DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The fact and law summaries of the parties are at Doc. 12 and 14. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 9].

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### Plaintiff's disability claim

Plaintiff was in special education. [Doc. 8-4 at 1496]. She reports childhood physical, sexual, and verbal abuse and domestic violence in a previous relationship. *Id.*

In January 2017, Plaintiff was assaulted by a man, who left her unconscious on the side of a road. [Doc. 12 at PageID.2131]. Primarily, the assault resulted in a broken clavicle, which required three corrective surgeries. *Id.*

Plaintiff alleges disability due to the residual physical effects of the assault and due to mental impairments, which were exacerbated or caused by the assault.

### The ALJ's decision

1

On November 12, 2020, the ALJ issued the Commissioner's final decision. [Administrative Record, Doc. 8 at 25-37]. The ALJ found that Plaintiff has not been under a disability from October 5, 2018, when she applied for Supplemental Security Income (SSI), through November 12, 2020.

The ALJ analyzed Plaintiff's disability claim pursuant to the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 5, 2018. *Id.* at 27.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: degenerative disc disease of the cervical and lumbar spine, status post left clavicle fracture, left shoulder bursitis, CRPS [complex regional pain syndrome], trochanteric bursitis of the left hip, scoliosis, carpal tunnel syndrome, bipolar disorder, post-traumatic stress disorder (PTSD), and obsessive-compulsive disorder (OCD). *Id.*

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 28.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 416.945(a)(1). The ALJ found that, notwithstanding her severe physical impairments, Plaintiff can:

> … perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can do no climbing of ladders, ropes, or scaffolds … can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs … can occasionally reach overhead with the left upper extremity … can frequently but not constantly handle and finger with the bilateral upper extremities … must avoid concentrated exposure to vibration and hazards.

*Id.* at 30. The ALJ found that, notwithstanding her severe mental impairments, Plaintiff can:

> … understand, remember, and carry out simple instructions and procedures involving brief initial learning periods defined as periods of 30 days or less … can concentrate, persist, and maintain pace for simple tasks involving little or no independent judgment and minimal variation … can tolerate occasional contact with the public … can adapt to the changes and pressures of a routine work environment.

*Id.*

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 36.

Fifth, the ALJ found that Plaintiff retains the ability to perform a significant number of unskilled, sedentary jobs in the national economy such as bench assembly worker, packager/sorter, and weigher/checker. *Id.* at 37.

**Plaintiff's first argument is unpersuasive.**

First, Plaintiff argues that the ALJ's weighing of certain medical opinions concerning her mental limitations is not supported by substantial evidence. [Doc. 12 at PageID.2141]. Specifically, Plaintiff argues that "[t]he ALJ ignores the opinions of consultative examiner, Lisa King, Psy.D., and Ms. Knueppel's treating [therapist], Paige Sims, CSW, finding them both not persuasive in favor of the opinions of the state agency non-examining reviewers. TR 35." *Id.* referencing Doc. 8 at 35.

On January 15, 2019, Plaintiff was examined at the request of the Commissioner by Lisa King, Psy.D. Dr. King submitted a narrative report and opined, among other things, that Plaintiff is:

1. Moderately limited her ability to understand, remember, and carry out instructions towards performance of simple repetitive tasks.

2. Markedly limited in her ability to tolerate stress and pressure of day-to-day employment.

3. Moderately limited in her ability to sustain attention and concentration towards performance of simple repetitive tasks.

4. Moderately to markedly limited in her ability to respond appropriately to supervisors and coworkers in a work setting.

[Doc. 8-4 at 1498-99].

On February 1, 2019, in light of Dr. King's findings and the record as a whole, the Commissioner's non-examining program psychologist, Jennifer Meyer, Ph.D., opined limitations that are consistent with the ALJ's mental RFC determination. *Compare* Dr. Meyer's limitations at Doc. 8-1, pp. 719-21, with RFC

3

at Doc. 8, p. 30.  On May 21, 2019, another program psychologist, Mary K. Thompson, Ph.D., opined limitations that are similar to those of Dr. Meyer.  *Id.* at 738-40.

On March 22, 2019, Plaintiff's treating therapist, Page Sims, CSW (certified social worker) completed the Medical Source Statement of Ability to Do Work-Related Activities (Mental) form, finding that Plaintiff is moderately limited in her abilities to understand, remember, and carry out simple instructions but that she is extremely limited in all other functional areas.  *Id.* at 1920-22.  Specifically, the CSW found that Plaintiff is extremely limited in her abilities to:  make judgments on simple work-related decisions; understand and remember complex instructions; carry out complex instructions; make judgments on complex work-related decisions; interact appropriately with the public, supervisor(s), and co-workers, and respond appropriately to unusual work situations and to changes in a routine work setting.  *Id.*

The ALJ found the opinions of Drs. Meyer and Thompson to be "persuasive," the opinion of Dr. King to be "not persuasive," and the opinion of the CSW to be "unpersuasive."  [Doc. 8 at 35-36].

Plaintiff filed her disability claim on October 5, 2018.  *Id.* at 25.  Therefore, the new rules for weighing medical opinions apply. *See* 20 C.F.R. § 416.920c ("For claims filed ... on or after March 27, 2017, the rules in this section apply.").

Under the new regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources."  20 C.F.R. § 416.920c(a).  An ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors" when determining the persuasiveness of an opinion.  20 C.F.R. § 416.920c(c)(1)-(5).  But the ALJ need only explain how he considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The more relevant the objective medical evidence and supporting explanations

4

presented, the more persuasive the medical opinion(s) will be. 20 C.F.R. § 416.920c(c)(1). The more consistent the medical opinion(s) is with the evidence from other medical and nonmedical sources, the more persuasive it will be. 20 C.F.R. § 416.920c(c)(2).

To the extent Plaintiff argues that the ALJ erred in discounting Dr. King's opinions, the argument is unpersuasive for two reasons. First, the ALJ found that Dr. King's:

> … finding that the claimant has marked limitations is excessive in light of the treatment record. These statements are unpersuasive in light of the subsequent treatment record that document largely unremarkable mental status examinations and improvement in the claimant's symptoms since these assessments were performed (Exhibit 19F, 20F, 22F, and 24F).

[Doc. 8 at 35]. These findings comported with the new rules for weighing medical opinions (described in the preceding paragraph). Second, even under the old rules for weighing medical opinions, which are generally regarded as more claimant favorable, because Dr. King was an examining (as opposed to a treating) source, her opinion would not have been entitled to controlling weight, and the ALJ would not have been required to give particularly "good reasons" for the weight given to her opinion. *See* 20 C.F.R. § 416.927(c)(2). An ALJ may prefer the opinion of the Commissioner's non-examining program psychologist if it provides "more detailed and comprehensive information" or is "more consistent ... with the record as a whole." *Brooks v. Comm'r*, 531 F. App'x 636, 642 (6th Cir. 2013).

To the extent Plaintiff argues that the ALJ erred in discounting the CSW's opinions, the argument is unpersuasive. CSWs are not listed as acceptable medical sources. *See* 20 C.F.R. § 416.902(a). The ALJ was "not required to articulate how [the ALJ] considered evidence from nonmedical sources" in light of the factors that apply to evaluation of medical source opinions at 20 C.F.R. §§ 416.920c(a) through (c). 20 C.F.R. § 416.920c(d).

### Plaintiff's second argument is unpersuasive.

Second, Plaintiff argues that a remand for consideration of new and material evidence pursuant to Sentence 6 of 42 U.S.C. § 405(g) is warranted. [Doc. 12 at PageID.2143]. The new evidence consists of

the fact that, approximately two months after the ALJ's decision, she underwent left carpal tunnel release surgery.

On May 30, 2019, Spencer E. Romine, M.D., performed a right carpal tunnel release. [Doc. 8 at 77]. On November 12, 2020, the ALJ issued the Commissioner's final decision. *Id.* at 37. On January 7, 2021, Dr. Romine performed a left carpal tunnel release. *Id.* at 77. After the left carpal tunnel release, Plaintiff was "pleased with her outcome," and Dr. Romine's office found that Plaintiff could return to "all activities gradually as tolerated." *Id.* at 411.

42 U.S.C. § 405(g), sentence six provides that:

> The court may … at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). Evidence is "material" only if a plaintiff proves that there is "a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." *Ferguson v. Comm'r*, 628 F.3d 269, 276 (6th Cir. 2010).

The ALJ found that Plaintiff "has undergone a right carpal tunnel release and that she still exhibits mild carpal tunnel syndrome in the left hand, which would accordingly limit her to frequent [as opposed to constant] handling and fingering (Exhibit 16F)." *Id.* at 34. In Social Security disability law, the terms "frequent" and "occasional" are terms of art that mean "occurring from one-third to two-thirds of the time" and "occurring from very little up to one-third of the time," respectively. Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5-6. Therefore, the left carpal tunnel release is material only if there is a reasonable probability that, if the ALJ could have known about the left carpal tunnel release, the ALJ would have limited Plaintiff to occasional handling and fingering. There is no such reasonable probability. On the contrary, the ALJ likely would have simply found that the left carpal tunnel release improved Plaintiff's left-hand symptoms. [Doc. 8 at 34]. As in *Jones v. Comm'r*, "there is no reasonable probability that the ALJ's decision would have been different had he been aware that [the claimant] would undergo right

6

carpal tunnel release surgery a couple of months after his decision." *Jones v. Comm'r*, No. CV 14-13709, 2015 WL 12696225, at *8 (E.D. Mich. Sept. 30, 2015) (report adopted).

**ORDER**

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

 August 10, 2022

Lanny King, Magistrate Judge
United States District Court